State v. Alexander

STATE OF NORTH CAROLINA v. RICKEY STEVEN ALEXANDER

No. 7326SC788

(Filed 6 March 1974)

1. Criminal Law § 66— in-court identification of defendant

In-court identification of defendant based on the victim's observation of defendant at the scene of the robbery was properly allowed.

2. Criminal Law § 84— search of defendant's person — admissibility of items seized

Where defendant was seen running from the scene of the crime shortly after it occurred and officers stopped him and searched him, items seized from his person were properly admitted in his trial for armed robbery.

APPEAL by defendant from *Martin (Robert M.), Special Judge,* at the 30 April 1973 Schedule "A" Session of Superior Court held in MECKLENBURG County.

Defendant was convicted of armed robbery. Judgment imposing a prison sentence of from twenty to twenty-five years was entered. The sentence is to begin at the expiration of a sentence defendant is now serving. At defendant's request, his court appointed counsel gave notice of appeal.

*Attorney General Robert Morgan by C. Diederich Heidgerd, Associate Attorney, for the State.*

*Francis O. Clarkson, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's exceptions to allowing the victim of his crime to identify him at trial are without merit. The evidence supports the court's findings, after *voir dire,* to the effect that the identification of defendant by the victim was based solely on what the victim saw at the time of the robbery. The court's findings which are supported by competent evidence are conclusive. *State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677.

[2] Shortly after the robbery, defendant was seen running away from the scene of the crime. He was stopped and searched by police officers. The victim's wallet and a loaded pistol were taken from defendant's person. Defendant objected to the admission of these and other objects later taken from him. On appeal, defendant's able counsel concedes that *State v. Streeter,* 283 N.C.

203, 195 S.E. 2d 502 negates his argument on the admission of these items. We agree and find no prejudicial error in defendant's trial.

No error.

Judges BRITT and PARKER concur.